# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**HINDS COUNTY MISSISSIPPI**
**BOARD OF SUPERVISORS**                                              **PLAINTIFF**

VS.                                       CIVIL ACTION NO. 3:09-cv-144-WHB-LRA

**MOTOROLA, INC.; WILLIAM A. "BILL" ROBERTS;**
**JOHN WILSON; and JOHN DOES # 1-5**                                  **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on several motions filed by the parties in the above referenced civil case. Having considered the Motions, Responses, attachments to the pleadings, as well as supporting and opposing authorities, the Court finds:

The Motions of Hinds County for Protective Order as to the remand-related discovery propounded by Defendants William Roberts and John Wilson are well taken and should be granted.

The Motions of Hinds County to Quash Subpoenas are well taken and should be granted.

The Motions of Defendants William Roberts and John Wilson to Dismiss should be denied without prejudice thereby permitting them to re-file the Motions in the event the Court determines it may properly exercise subject matter jurisdiction in this case.

### I. Factual Background and Procedural History

Plaintiff, Hinds County, Mississippi ("Hinds County"), established and currently operates a private radio system

("System"), which is used by its police officers, firefighters, and other emergency responders. In so doing, it has incurred, and continues to incur, costs associated with radio towers, control computers, radios, and servicing. Beginning in 2000, the County began purchasing radios and other equipment necessary to operate the System from Defendant, Motorola, Inc. ("Motorola"). The purchases were made through Defendant, William Roberts ("Roberts"), who is identified as an employee/agent of Motorola.

In May of 2008, an audit of the System was conducted. This audit allegedly revealed that several third parties[1] had been given the confidential System I.D. used by Hinds County, and were using it to access the System and operate their own radio communication networks. The audit also revealed that the third parties had been given access to buildings, computers, internet lines, and radio towers used to operate the System, and had directly patched their own radio networks into the System. An ensuing investigation revealed that the third parties had obtained the System I.D. and began patching into the System to operate their own radio networks in 2003. The third parties were allegedly provided access to the System by Defendant, John Wilson ("Wilson"), a former lieutenant with the Hinds County Sheriff's Department and project manager for the System.

---

[1] The third parties identified in the Complaint are Madison County, Warren County, and Rankin County, Mississippi; the cities of Ridgeland, Madison, Pearl, and Flowood, Mississippi; and the University of Mississippi Medical Center Police Department.

According to Hinds County, it did not enter any inter-local or inter-agency agreements with any of the third parties that would have allowed the latter to patch into the System, and it has not been compensated by them for their use of the System. In addition, Hinds County alleges that beginning in 2003, the defendants falsely induced it to invest approximately $9,000,000 in upgrades to the System by misrepresenting that the upgrades were necessary to properly operate the System. According to the County, the upgrades were not necessary for its use of the System but, instead, were required to insure that the System had sufficient capacity to operate the radio networks that had been patched into it by the third parties. Hinds County further alleges that the defendants directly profited from the allegedly false representations by charging it for unnecessary equipment and upgrades, and by selling its products to the third parties that had been given access to, and had patched into, the System.

Based on these allegations, Hinds County filed a lawsuit against Motorola, Roberts, and Wilson, in the First Judicial District of Hinds County, Mississippi, alleging claims of misrepresentation, fraudulent misrepresentation/omission, trespass to chattels, negligence, fraud, breach of contract, intentional or negligent mismanagement, civil conspiracy, breach of fiduciary duty, breach of covenant of good faith and fair dealing, unjust enrichment, and tortious interference with existing/potential

business relationships. Through these claims, Hinds County seeks actual and punitive damages as well as equitable relief including an injunction, a constructive trust, and an equitable accounting. The lawsuit was removed to this Court on the basis of diversity of citizenship jurisdiction. In support of removal, Motorola claims that it is a Delaware corporation with its principal place of business in Illinois. Motorola further claims that although Hinds County, Roberts, and Wilson, are all citizens of Mississippi for diversity analysis purposes, Roberts's and Wilson's citizenship should be disregarded on the grounds of fraudulent misjoinder. Specifically, Motorola argues that Roberts cannot be held liable on the claims alleged against him because, at all times relevant to the dispute, he was acting within the scope of his employment with Motorola. Motorola further argues that Wilson cannot be held liable on the claims alleged against him because: (1) Hinds County authorized or ratified the third parties' having access to the System; (2) he is immune from liability under Mississippi Code Annotated Section 11-46-9(g) which provides immunity to governmental employees making discretionary decisions; and/or (3) the claims are not viable under Mississippi law.

After the case was removed, Roberts and Wilson filed separate motions seeking to be dismissed from the lawsuit, and Hinds County filed a motion seeking to have the case remanded to state court. Thereafter, Wilson and Roberts propounded remand-related discovery,

and caused several subpoenas to be issued by the Clerk of Court. Hinds County responded by seeking protective orders with regard to the remand-related discovery, and seeking to quash the subpoenas.

## II. Discussion

In the case *sub judice*, in-state Defendants Roberts and Wilson argue that they have been improperly joined for the purpose of defeating diversity jurisdiction because the Complaint fails to establish a viable claim against them. See Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004)(recognizing improper joinder based on the plaintiff's inability "to establish a cause of action against the non-diverse party in state court."). To determine whether this type of improper joinder exists, the Court considers "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. This is done one in one of two ways:

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

5

Id. (citations omitted). Importantly, however, the use of "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573-74. A discrete and undisputed fact in this context is one "that easily can be disproved if not true" such as whether the plaintiff was actually treated by the in-state doctor named in the complaint, or whether a party's residence has been correctly alleged. Id. at 574 n.12. Just as summary inquiry is narrowly permitted to address discrete and undisputed facts, so too is remand-related discovery. Thus, in this Circuit, remand-related discovery cannot be conducted absent a "tight judicial tether", which means the party seeking the discovery must show it is necessary and "sharply tailored" to address the discrete and undisputed facts at issue. Id.

After reviewing the remand-related discovery propounded in this case, the Court finds that it is not "sharply tailored" to uncover discrete and/or undisputed facts. For example, as part of his remand-related discovery, Wilson seeks, *inter alia*: (1) all documents relating to equipment that was leased or purchased by Hinds County based on the defendants' misrepresentations; (2) every document that supports the claims alleged against him in the Complaint including the claims that he engaged in fraud and gave third parties access to the System; (3) the minutes from every meeting of the Hinds County Board of Supervisors and the Hinds

6

County 911 Emergency Management Counsel since 1998; (4) his personnel file; (5) all correspondences relating to the System from Motorola, the Mississippi Wireless Communications Commission, Brown Communications, and Airwave Consultant, LLC; and (6) a forensic copy of the entire content of each and every computer that he used. See Resp. [Docket No. 16], Ex. 1A. Wilson also requests that Hinds County identify, *inter alia*: (1) all equipment leased/purchased based on his misrepresentations; (2) each communication it had with him regarding the System; (3) each fact on which it relies to support its claims against him; (4) his employment duties; (5) every person who may have information regarding the claims alleged against him; and (6) every entity that is currently accessing the System. Id. at Ex. 1B. The remand-related discovery propounded by Roberts is as broad as that propounded by Wilson. See Resp. [Docket No. 23], Ex. 10a (Roberts's interrogatories requesting that Hinds County identify, *inter alia*: (1) every document or recording in its possession that contains statements made by him; (2) every statement made by him that Hinds County claims was false and on which it relied; and (3) every fact on which it relies in support of the allegations in the Complaint); id. Ex. 10b (Roberts's requests for production requesting, *inter alia*: (1) all records supporting the claim that he provided System access to third parties; (2) all documents supporting the claim that he breached his contractual duties; (3) all correspondences to or from him

7

regarding the System; and (4) all correspondences to or from other agencies that show that he provided third parties with access to the System). As the remand-related discovery propounded by Roberts and Wilson is not "sharply tailored" to uncover discrete and/or undisputed facts, the Court finds the Motions of Hinds County for Protective Order should be granted.

Hinds County has also moved to quash subpoenas that were served upon the Mississippi Wireless Communications Commission; Brown's Communications, Inc.; Rankin County, Mississippi; and Warren County, Mississippi, as part of Roberts's and Wilson's remand-related discovery. Through these subpoenas, Roberts and Wilson seek, *inter alia*, any and all communications, documents, or other information that may reference the design, procurement, implementation, installation, maintenance and oversight of the System. Again, the Court finds that the subpoenas have not been shown to be "sharply tailored" to uncover discrete and/or undisputed facts and, therefore, the Court additionally finds they should be quashed.

Finally, the record shows that Defendants Roberts and Wilson have filed motions seeking to be dismissed from this lawsuit. As the Court must first determine whether it may properly exercise subject matter jurisdiction in this case, it will presently deny the motions to dismiss, without prejudice, thereby allowing them to be re-filed after the jurisdictional issue is resolved.

8

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motions of Plaintiff for Protective Order [Docket Nos. 15 and 22] are hereby granted. Plaintiff is not required to respond to any of the remand-related discovery propounded by Defendants William Roberts or John Wilson in this case.

IT IS FURTHER ORDERED that the Motions of Plaintiff to Quash Subpoenas [Docket Nos. 15, 21, 29, and 30] are hereby granted.

IT IS FURTHER ORDERED that the Motions of Defendants William Roberts and John Wilson to Dismiss [Docket Nos. 3 and 6] are hereby denied without prejudice thereby allowing them to be re-filed after the subject matter jurisdiction issue in this case is resolved.

IT IS FURTHER ORDERED that Defendants are hereby granted ten days in which to file their Response to the Motion to Remand.

SO ORDERED this the 1st day of February, 2010.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE